NO. 07-12-0022-CV
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 MARCH 22, 2012
 ______________________________

 GRADY R. MITCHELL,

 Appellant

 v.

 POPAT PATEL, INDIVIDUALLY, A/K/A PAUL PATEL,
 KAMU PATEL, INDIVIDUALLY, SUNIL PATEL,
 INDIVIDUALLY AND D/B/A SUPER 8 MOTEL AND ANAND, INC.,

 Appellees
 ________________________________

 FROM THE 237th DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2009-547,914; HON. LESLIE HATCH, PRESIDING
 _______________________________
 
 ON ABATEMENT AND REMAND
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
Grady R. Mitchell appeals from the trial court's judgment that appellant take nothing by his suit. The clerk's record was filed with this Court on March 16, 2012. An affidavit of indigence was filed by appellant on February 6, 2012. Appellees have filed a response to the affidavit contesting Mitchell's request to proceed without the payment of costs. 
Accordingly, we abate this appeal and remand the cause to the 237th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:
1. whether appellant desires to prosecute the appeal; 
 2. whether appellant is indigent; and, if so,
3. whether the appellant is entitled to a free appellate record due to his indigency. 

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing, if any. Additionally, the district court shall then file the supplemental records and reporter's records transcribing the hearing with the clerk of this court on or before April 23, 2012. Should further time be needed by the trial court to perform these tasks, then same must be requested before April 23, 2012.
It is so ordered.
Per Curiam